NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

BUSINESS MACHINE & OFFICE AP-
PLIANCE MECHANICS CONFER-
ENCE BOARD, LOCAL 459, INTER-
NATIONAL UNION OF ELECTRICAL,
RADIO & MACHINE WORKERS, AFL-
CIO, Respondent.

No. 322, Docket 26663.

United States Court of Appeals
Second Circuit.

Argued April 13, 1961.

Decided April 20, 1961.

Melvin Pollack, Attorney, National
Labor Relations Board, Washington, D.
C. (Stuart Rothman, General Counsel,
Dominick L. Manoli, Associate General
Counsel, Marcel Mallet-Prevost, Asst.
General Counsel, and A. Brummel, Attor-
ney, National Labor Relations Board,
Washington, D. C., on the brief), for peti-
tioner.

Irving Abramson, New York City
(Everett E. Lewis and Abramson & Lew-
is, New York City, on the brief), for re-
spondent.

Before CLARK, MEDINA and
FRIENDLY, Circuit Judges.

PER CURIAM.

The Board petitions for enforcement
of its order, reported at 125 NLRB No.
7, finding that the respondent Union, in
violation of Section 8(b) (4) (A) of the
National Labor Relations Act, 29 U.S.C.
Section 158(b) (4) (A), prior to the 1959
amendments, 73 Stat. 542, had induced
and encouraged the employees of Texaco,
Inc. to engage in a work stoppage, with
an object of forcing Texaco to cease doing
business with the Dictaphone Corpora-
tion. The only substantial question before
us is whether our ruling in the Royal
Typewriter case, N.L.R.B. v. Business
Mach. and Office Appliance Mechanics
Conference Board, Local 459, 2 Cir., 1955,
228 F.2d 553, is controlling. We think
it is.

On January 15, 1959 the employees of
the Dictaphone Corporation went on
strike and established a picket line at
Dictaphone's offices at 45th Street and
Third Avenue in New York City. Texaco
was one of Dictaphone's customers and
it occupied 17 floors in the Chrysler
Building in New York City. On Janu-
ary 22, 1959, shortly after a Texaco office
boy crossed the picket line and delivered
a dictating machine to Dictaphone for
repairs, the Union began picketing Tex-
aco at entrances to the Chrysler Build-
ing, carrying signs practically identical
with those used in the Royal Typewriter
case, except for the names of those con-
cerned. The office boy returned to Dicta-
phone the next day and picked up the
machine that had been repaired. As he
left the Dictaphone premises, the Union's
shop chairman asked for the name of his
employer. Receiving no reply the shop
chairman walked alongside the office boy,
and, as they passed a large plate glass
window, threatened to push the office

boy's head through the window. He also said he would follow the office boy wherever he went in order to set up a picket line at his employer's business. The picketing of Texaco at the Chrysler Building had commenced the previous day and continued for some time around the lunch hour and quitting time of Texaco employees. There was no proof that the Texaco employees paid any attention whatever to the picketing. On these facts the Board found there was an unlawful inducement and encouragement to Texaco employees to engage in a strike or a concerted refusal to work in violation of Section 8(b) (4) (A).

We are unable to perceive any significant feature of this case to distinguish it from the facts before us in the Royal Typewriter case and we reaffirm our holding in that case.

Enforcement denied.